UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-Z DOCK, INC.,

    Plaintiff,

v.                                          Case No: 2:21-cv-450-SPC-NPM

SNAP DOCK, LLC and
GOLDEN MANUFACTURING,
INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Snap Dock, LLC's and Golden Manufacturing, Inc.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 22).

This is a trade dress and patent case. In June 2021, E-Z Dock sued Defendants over its intellectual property rights to "dog bone" dock coupler products. Defendants argue the Complaint is objectively baseless and seek sanctions under Rule 11. They ask for costs, attorneys fees, and dismissal with

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

prejudice. E-Z Dock argues the Motion is moot (because it filed an Amended Complaint), meritless, and premature.

Rule 11 discourages frivolous claims, defenses, and motions by allowing courts to sanction parties who file (1) pleadings with no reasonable factual basis, (2) pleadings based on a legal theory with no reasonable chance of success or reasonable argument to change existing law, or (3) pleadings filed in bad faith for an improper purpose. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Courts normally consider Rule 11 motions attacking pleadings at the end of litigation. *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987); *see also Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) ("Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of the disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper.").

The Court finds Defendants' Motion premature. This action is in its infancy, and E-Z Dock's claims are not so patently frivolous that the Court should consider sanctions at this stage. The Court will thus deny Defendants' Motion for now. Defendants may renew their request after adjudication of E-Z Dock's claims, if appropriate.

Accordingly, it is now

**ORDERED:**

Defendants Snap Dock, LLC's and Golden Manufacturing, Inc.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 22) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 31, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record