UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-Z DOCK, INC.,

    Plaintiff,

v.                                  Case No: 2:21-cv-450-SPC-NPM

SNAP DOCK, LLC and
GOLDEN MANUFACTURING,
INC.,

    Defendants.
_____/

**OPINION AND ORDER**[1]

    Before the Court is Defendants Snap Dock, LLC and Golden Manufacturing, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) (Doc. 28).

    EZ Dock sues Defendants for patent infringement, trade dress infringement, and related state-law claims. The Court recounts the factual background as pled in EZ Dock's First Amended Complaint, which it must take as true to decide whether the complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

EZ Dock develops, manufactures, and sells floating docks, ports, launches, and walkways. It also sells the dock coupler product show below:



EZ Dock claims it owns a trade dress in the "dog bone" shape of the couplers. Snap Dock manufactures, markets, and sells dock coupler products with the same shape, and Golden Manufacturing is a distributor of Snap Dock's products. In Count 1, EZ Dock accuses Defendants of using the dog bone shape to confuse consumers and trade on EZ Dock's reputation and goodwill.

EZ Dock's patent infringement claim (Count 2) centers on its ownership of United States Patent NO. 7,918,178, titled "Modular Floating Watercraft Port Assembly." The product at issue is a jet ski lift designed to connect with EZ Dock's modular docks. Snap Dock makes and both Defendants sell a competing product called the Snap Port. EZ Dock alleges the Snap Port infringes claim 29 of the '178 Patent.

**I. Venue**

Snap Dock argues the patent infringement claim against it must be dismissed for improper venue. 28 U.S.C. 1400(b) governs:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

There is no dispute that venue here is not proper under § 1400(b) for EZ Dock's patent infringement claim against Snap Dock, but the parties disagree whether the claim is subject to pendent venue. The doctrine of pendent venue provides that if venue is appropriate for one claim, a court may hear other claims that arise from the same nucleus of facts. *Trans Am Worldwide, LLC v. JP Superior Solutions, LLC*, No. 4:17-cv-560-MW/CAS, 2018 WL 3090394, at *7 (N.D. Fla. Apr. 30, 2018).

While courts have wide discretion to apply pendent venue, the doctrine cannot "defeat Congress's intention that certain types of claims be heard in specific places." 32A Am. Jur. 2d *Federal Courts* § 1086 (2021). District courts have thus refused to use pendent jurisdiction to override § 1400(b). *See, e.g. Evans v. Bearback, LLC*, No. 5:20-cv-172-TKW-MJF, 2020 WL 8366982, at *2 (N.D. Fla. Nov. 6, 2020). Supreme Court precedent supports that approach. In *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), the Supreme Court held that the general venue statute—28 U.S.C. § 1391—

does not modify § 1400(b).  Some district courts have extrapolated from *TC Heartland* that patent infringement claims are not subject to pendent venue. *See, e.g.*, *Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-cv-606-ADA, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021).

EZ Dock primarily relies on *Omega Patents, LLC v. CalAmp Corp.*, No. 6:13-cv-1950-Orl-40DCI, 2017 WL 4990654 (M.D. Fla. Sep. 22, 2017) for the proposition that pendent jurisdiction applies to patent infringement claims. But *Omega* is distinguishable from this case in an important way.  The parties in *Omega* had an agreement to litigate claims of infringement of certain patents in the Middle District of Florida.  The court found that because venue over some of Omega's patent infringement claims was proper under a forum selection clause, it could apply pendent venue over related infringement claims.  *Omega*, 2017 WL 4990654, at *3-4.  EZ Dock does not claim that Snap Dock agreed to litigate any patent infringement claims in this district.

Judicial economy clearly favors litigating all four of EZ Dock's counts in one action.  But judicial economy cannot overcome the intention of Congress and Supreme Court precedent.  The Court thus declines to hear EZ Dock's patent infringement claim against Snap Dock under the doctrine of pendant venue.

EZ Dock asks the Court to sever and transfer its patent infringement claim against Snap Dock rather than dismiss it.  28 U.S.C. § 1406 allows

4

district courts to transfer a case brought in the wrong district "if it be in the interest of justice." But EZ Dock does not identify the district where the claim should be heard. The Court will require the parties to confer on the appropriate district for EZ Dock's patent infringement claim against Snap Dock. The Court is cognizant of the risk of duplicative work and inconsistent rulings if EZ Dock's patent claims against each Defendant are litigated separately, so the Court will also require the parties to confer on whether EZ Dock's patent infringement claim against Golden can be transferred along with the claim against Snap Dock.

## II.  Pleading Sufficiency

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant

has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly,* 550 U.S. at 555.

### A. Federal Trade Dress Infringement

"Trade dress is defined as 'the total image of a product,' which 'may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques.'" *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC,* 898 F.3d 1279, 1288 (11th Cir. 2018) (quoting *John H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 980 (11th Cir. 1983)). The Lanham Act protects against trade dress infringement. *J-B Weld Co., LLC v. Gorilla Glue Co.,* 978 F.3d 778, 788 (11th Cir. 2020). To state a claim, a plaintiff must plausibly plead three elements: "(1) its trade dress is inherently distinctive or has acquired secondary meaning; (2) its trade dress is primarily non-functional; and (3) the defendant's trade dress is so similar to the plaintiff's that it is likely to cause confusion." *Id.* (internal quotation marks and citation omitted).

Defendants attack the second element, arguing an expired utility patent proves that EZ Dock's alleged trade dress is functional. "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition

6

by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 164 (1995). A product feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article" or if the feature's exclusive use "would put competitors at a significant non-reputation-related disadvantage." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32 (2001). The Supreme Court held in *TrafFix* that a prior patent "has vital significance in resolving the trade dress claim" because "[a] utility patent is strong evidence that the features therein claimed are functional." *Id.* at 29.

The problem for Defendants is that courts generally may not consider extrinsic evidence in deciding a 12(b)(6) motion to dismiss. *See Estate of Malkin v. Wells Fargo Bank, NA*, 998 F.3d 1186, 1201 (11th Cir. 2021) ("for purposes of Rule 12(b)(6) review, a court may not look beyond the pleadings and must accept the allegations in the complaint as true" (cleaned up)). The purpose of a 12(b)(6) is to test the facial sufficiency of a complaint, not to weigh evidence and resolve questions of fact.

EZ Dock pleads the dog bone shape of its coupler products is "primarily non-functional," "primarily aesthetic," "a stylistic design choice…to achieve consumer recognition," "arbitrary, incidental, and ornamental," "not the central advance in any existing or expired utility patent," "not essential to the use, purpose, cost, or quality of floating dock products," and "not a competitive

necessity." (Doc. 26 at 5-6). Accepting these allegations as true, the Court finds EZ Dock's claim of non-functionality plausible. Defendants can present evidence to the contrary at a later stage of this case.

### B. State Unfair Trade Practices and Unfair Competition Claims

EZ Dock asserts two state law claims based on Defendants' use of its alleged trade dress and other practices: violation of the Florida Deceptive and Unfair Trade Practices Act (Count 3) and common law unfair competition (Count 4). Defendants argue that because EZ Dock failed to state a Lanham Act claim, it's state claims must also be dismissed. But because the Court finds that EZ Dock sufficiently pled trade dress infringement, Defendants' attack on Counts 3 and 4 also fails.

### C. Patent Infringement

The Court takes Defendants' request for dismissal of EZ Dock's patent infringement claim under advisement pending its final decision on transfer of all or part of Count 2.

Accordingly, it is now

**ORDERED:**

(1) Defendants Snap Dock, LLC and Golden Manufacturing, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) (Doc. 28) is **DENIED in part**.

(2) The Court takes Defendants' arguments on Count 2 under advisement.

(3) The parties shall confer and, within 14 days of the date of this Order, file a joint report (a) identifying the district where EZ Dock's patent infringement claim against Snap Dock should be transferred and (b) stating whether EZ Dock's patent infringement claim against Golden can also be transferred to that district.

**DONE** and **ORDERED** in Fort Myers, Florida on October 9, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record