UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-Z DOCK, INC.,

       Plaintiff,

v.                                         Case No: 2:21-cv-450-SPC-NPM

SNAP DOCK, LLC and
GOLDEN MANUFACTURING,
INC.,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Snap Dock, LLC and Golden Manufacturing, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) (Doc. 28). In a prior Order, the Court partially denied the Motion, found this to be an improper venue for E-Z Dock's patent-infringement claim against Snap Dock, ordered the parties to confer on a proper venue for the patent-infringement claims, and took Golden's 12(b)(6) attack on the patent-infringement claim under advisement. The parties have agreed (1) the patent-infringement claim against Snap Dock can be transferred to the Indianapolis

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Division of the Southern District of Indiana, but (2) the patent-infringement claim against Golden cannot be transferred to that district. (Doc. 42). The Court will thus transfer the claim against Snap Dock to the proper district.

The Court now turns to Golden's 12(b)(6) attack on EZ Dock's patent-infringement claim. A patent-infringement "plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "Instead, it is enough that a complaint place the alleged infringer on notice of what activity is being accused of infringement." *Id.* (cleaned up). That said, the *Iqbal/Twombly* standard applies, so a plaintiff may not simply recite the claim elements. "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* While the pleading standard is not onerous, a plaintiff can plead itself out of court by alleging facts inconsistent with infringement. *Id.* at 1354.

EZ Dock owns United States Patent No. 7,918,178, titled "Modular Floating Watercraft Port Assembly." EZ Dock alleges that Golden infringes Claim 29 of the '178 Patent by using, selling, and offering for sale a product called the Snap Port. Claim 29 of the '178 Patent claims the following invention:

> A floating watercraft port comprising:

a port member having an upper surface, a bottom surface, side surfaces, a front surface and a back surface; a cradle being formed in at least a part of said upper surface; said cradle extending rearwardly from said front surface; wherein said front surface defines an opening to said cradle which is sized and shaped complementarily to the shape of said cradle and said back surface of said port member defines an entrance to said cradle; said cradle being defined by a pair of opposed inwardly sloping walls; a plurality of roller sockets positioned along said cradle walls and rollers received in said roller sockets; and

a **bow stop which is separate from and mountable to said port member** at the front of said port member; said bow stop comprising a top surface, a front surface, side surfaces, a back surface and a bottom surface; at least **a portion of said bottom surface of said bow stop being shaped complementarily to said port cradle** such that when said bow stop is mounted to said port member, said bow stop closes said opening to said cradle at the front of said port member.

(Doc. 26-9 at 32) (emphasis added).

Golden argues the Snap Port does not practice Claim 29 for two reasons. First, Golden asserts the Snap Port's bow stop is integrated, not separate. In the Amended Complaint, EZ Dock alleges the Snap Dock has two separate pieces, as shown in this image:

3



(Doc. 26 at 14). EZ Dock considers the second piece—which is separable from the first piece—the bow stop. Whereas Golden considers the bow stop to be an integrated portion of the second piece, as shown here:



(Doc. 28 at 16). A key aspect of the parties' disagreement is the meaning of the term "bow stop" as used in Claim 29. The Court cannot resolve this dispute on a 12(b)(6) motion, without the benefit of claim construction. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018).

Golden also argues the Snap Dock does not practice Claim 29 of the '178 Patent because the bottom of the bow stop does not have a surface shaped

complementarily to the port cradle. EZ Dock alleges, "A portion of the bottom surface of the second piece of the [Snap Dock] is shaped complementarily to the port cradle." (Doc. 26 at 19). Again, this dispute requires the Court to determine the meaning of language used in the claim—including "bow stop" and "shaped complementary to"—which the Court cannot do on 12(b)(6) review.

EZ Dock has plausibly pled patent infringement against Golden. Golden is free to raise its claim-construction arguments at the appropriate phase of this case.

Accordingly, it is now

**ORDERED:**

(1) Defendants Snap Dock, LLC and Golden Manufacturing, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) is **DENIED in part**.

(2) EZ Dock's patent-infringement claim (Count II) against Snap Dock is severed from this action. The Clerk is **DIRECTED** to open a new case with EZ Dock as the Plaintiff and Snap Dock as the Defendant (Golden will not be a party) and docket the following filings in the new case:

    a. EZ Dock's First Amended Complaint (Doc. 26)
    b. Snap Dock's Motion to Dismiss (Doc. 28)
    c. EZ Dock's Response (Doc. 35)

      d. Snap Dock's Reply (Doc. 40)
      e. The Court's October 12, 2021 Order (Doc. 41)
      f. The parties' Joint Report (Doc. 42)
      g. This Order

(3) The Clerk is **FURTHER DIRECTED** to transfer the new case to the Indianapolis Division of the United States District Court for the Southern District of Indiana, then close the new case.

(4) Defendants must answer the First Amended Complaint on or before **November 11, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    All Parties of Record