UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-Z DOCK, INC.,

    Plaintiff,

v.                                                          Case No.: 2:21-cv-450-SPC-NPM

SNAP DOCK, LLC and GOLDEN
MANUFACTURING, INC.,

    Defendants.

                                          /

**OPINION AND ORDER**[1]

Before the Court is Defendant Golden Manufacturing, Inc's Motion to Stay Patent Proceedings in View of Parallel Proceedings Against Defendant Snap Dock, LLC in Indiana (Doc. 46).

Plaintiff E-Z Dock, Inc. sues Defendants for patent infringement, trade dress infringement, and related state-law claims. The patent claim (Count II) centers on EZ Dock's ownership of United States Patent No. 7,918,178, titled "Modular Floating Watercraft Port Assembly." Snap Dock makes, and both

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Defendants sell, a competing product called the Snap Port. EZ Dock alleges the Snap Port infringes claim 29 of the '178 Patent.

The Court severed and transferred EZ Dock's patent claim against Snap Dock because this is not a proper venue under 28 U.S.C. § 1400(b). (*See* Doc. 41, 43). EZ Dock and Snap Dock are litigating the severed patent claim in the Southern District of Indiana, Case No. 1:21-cv-02761-TWP-DML. Golden asks the Court to stay proceedings related to EZ Dock's patent claim against it pending resolution of the claim against Snap Dock. The requested stay would presumably cover Defendants' counterclaims attacking the validity of the '178 Patent and seeking a declaration that Golden is not infringing the patent. Golden argues a stay will aid judicial economy and protect against inconsistent results.

EZ Dock counters with three points, none of which hold up to scrutiny. First, EZ Dock argues a stay would unduly prejudice it and would not conserve litigation resources because this case was filed first. When two actions with parallel issues are pending in two federal courts, the first-filed rule normally applies. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Under the first-filed rule, "the court initially seized of the controversy should hear the case," and the second case may be "dismissed, stayed, or transferred and consolidated." *Id.* But the Federal Circuit has recognized a customer suit exception to the first-filed rule. *Spread Spectrum*

2

*Screening, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). "Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Id.* While applying the customer suit exception might prejudice EZ Dock by delaying resolution of its patent claim against Golden, that prejudice is not undue. The delay is a consequence of EZ Dock's decision to sue Snap Dock for patent infringement in an improper venue.

Second, EZ Dock argues Golden is not a typical downstream defendant. EZ Dock points to Golden's position as Snap Dock's lead U.S. distributor and its apparent participation in the development of Snap Dock's products (though EZ Dock does not claim Golden helped develop the Snap Port). Perhaps Golden is Snap Dock's most important customer, but that does not preclude application of the customer suit exception. The reason for that is clear. If EZ Dock wins its case against Snap Dock, a resulting injunction would stop further infringement by Golden by cutting off its supply of the Snap Port. On the other hand, if EZ Dock won an injunction against Golden, Snap Dock could continue selling the Snap Port to other customers.

Third, EZ Dock argues a stay will not aid judicial economy or protect against inconsistent results because Golden failed to articulate how it would impact liability, damages, timing, and discovery issues. That is a *non sequitur*.

3

Staying a patent claim against a distributor in favor of an identical claim against the manufacturer clearly mitigates the risk of inconsistent rulings and avoids duplicative work by district courts. The level of detail in Golden's Motion has no bearing on these benefits.

The Court finds a stay of the parties' patent claims appropriate. The Indiana case has "the potential to resolve the major issues concerning" EZ Dock's patent infringement claim against Golden and Defendants' patent counterclaims. *Spread Spectrum*, 657 F.3d at 1358. A stay will thus reduce the risk of inconsistent rulings, avoid duplicative judicial effort, and simplify the issues. A delay in the resolution of the stayed claims will not unduly prejudice EZ Dock because it is a consequence of EZ Dock's decision to sue Snap Dock for patent infringement in an improper district.

Accordingly, it is now

**ORDERED:**

Defendant Golden Manufacturing, Inc's Motion to Stay Patent Proceedings in View of Parallel Proceedings Against Defendant Snap Dock, LLC in Indiana (Doc. 46) is **GRANTED**.

(1) Count II of EZ Dock's First Amended Complaint (Doc. 26 at 24-26) and Defendants' Fourth and Fifth Counterclaims (Doc. 44 at 36-48) are **STAYED**.

4

(2) The parties must file a joint report of their upcoming settlement conference with the Indiana magistrate judge no later than **March 4, 2022**, and must file joint status reports on the Indiana case **every 90 days thereafter**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record