UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-Z DOCK, INC.,

    Plaintiff,

v.                                       Case No.:   2:21-cv-450-SPC-NPM

SNAP DOCK, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff E-Z-Dock, Inc's Rule 59(e) Motion to Reconsider and Vacate Judgment on the Pleadings (Doc. 70). Defendant Snap Dock, LLC opposes the motion. (Doc. 76). As a general matter, EZ Dock's filing of a notice of appeal deprives this Court of jurisdiction over issues involved in the appeal. See *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). But "district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny" motions for reconsideration filed under Federal Rules of Civil Procedure 60(b) and 59(e). *Id.*; see also *Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 628 F. App'x 1008, 1010 n.2 (11th Cir. 2015).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

This is an action for trade dress infringement. On September 9, 2022, the Court determined that EZ Dock could not prove trade dress infringement because an expired utility patent—U.S. Patent No. 5,281,055 (the '055 Patent)—established the functionality of EZ Dock's asserted trade dress. EZ Dock asks the Court to reconsider and vacate its September 9, 2022 Order under Rule 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

EZ Dock argues the Court made four errors of law. First, EZ Dock contends the Court erred by deciding functionality based only on the '055 Patent. EZ Dock argues that under *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001) and Federal Rule of Civil Procedure 12(c), the Court must give it an opportunity to rebut the '055 Patent. The crux of this argument—that a patent cannot be dispositive on the issue of functionality—featured prominently in EZ Dock's brief opposing judgment on the pleadings. It is thus a rehash of an argument the Court already rejected, but with a new emphasis on what EZ Dock calls the "arbitrary curves" of its

2

asserted trade dress. EZ Dock could have, but did not, define its trade dress as the arbitrary curves present in the shape of its product. Any anyhow, a focus on the phrase "arbitrary curves" would have made no difference. As explained in the Court's prior order, the '055 Patent establishes that the shape of EZ Dock's couplers (or anchors) is an essential part of the claimed invention.

Second, EZ Dock argues the Court erred by precluding EZ Dock from submitting evidence of non-functionality. This argument, like the first, is an attempt to relitigate an issue the Court already decided. The Court necessarily considered judgment on the pleadings before the parties submitted evidence. So EZ Dock could have raised this argument when opposing the motion, and it did. The Court was cognizant of the inherent limitation Rule 12(c) puts on the evidence before it. It found judgment on the pleadings appropriate here because EZ Dock may not enjoy a patent monopoly based in part on the functionality of its anchor design, then extend that monopoly via the Lanham Act. That is true even if EZ Dock can now produce evidence that contradicts functionality. The Supreme Court applied similar rationale in *TrafFix* when it held that MDI could not—rather than failed to—limit the scope of its expired patent after successfully advocating for a broader scope in prior litigation. *TrafFix,* 532 U.S. at 30-31 ("In light of this past ruling—a ruling procured at MDI's own insistence—*it must be concluded* the products here at issue would have been covered by the claims of the unexpired patents." (emphasis added)).

3

Third, EZ Dock argues the Court erred by misapplying *TrafFix*. This section of EZ Dock's motion contains four sub-claims. Each is based on a misreading or misrepresentation of the Court's dispositive order. The Court addresses each below:

1. The Court did not apply a rule prohibiting any utilitarian object identified in a patent from trade-dress protection. Rather, the Court expressly rejected a *per se* rule and instead ruled in Snap Dock's favor because the shape of the anchors "is the reason EZ Dock's invention works." (Doc. 63 at 9). The Court came to that conclusion only after carefully considering the invention claimed in the '055 Patent.

2. The Court considered the entire patent. The fact that it quoted the specification does not mean it ignored the claims. What is more, consideration of the specification was proper; the Supreme Court likewise relied on patent specifications to determine functionality in *TrafFix*. 532 U.S. at 30-31.

3. While the Court did conflate the terms "anchor" and "coupler," it was following EZ Dock's lead. EZ Dock now explains that "coupler" refers to two anchors secured together with a tie rod, meaning EZ Dock's asserted trade dress is the surface of the anchor. But the term "anchor" does not appear in EZ Dock's complaint, which exclusively refers to the dog-bone-

4

shaped product at issue as a "coupler." (Doc. 26). Anyhow, this semantic confusion did not impact the Court's interpretation of the '055 Patent.

4. The Court did not overlook the availability of alternative designs; it found that under *TrafFix*, the existence of alternative designs does not render a functional feature non-functional.

Finally, EZ Dock argues the Court erred by disregarding EZ Dock's asserted trade dress definition. Not so. The Court acknowledged that EZ Dock limited "its trade dress claim to 'the top surface portion of [its] dock coupler products…*not* the entire dock coupler product.'" (Doc. 63 at 9 (quoting Doc. 60)). In the Court's view, that limitation was not enough to save EZ Dock's claim. If one could circumvent the non-functionality requirement by asserting trade-dress protection over the unadorned surface of a functional item, the requirement would be meaningless.

The Court finds that EZ Dock has not demonstrated any manifest error of law or fact in the dispositive order (Doc. 63). Of course, EZ Dock thinks the Court's ruling is wrong, and its remedy is to appeal.

Accordingly, it is now

**ORDERED:**

Plaintiff E-Z-Dock, Inc's Rule 59(e) Motion to Reconsider and Vacate Judgment on the Pleadings (Doc. 70) is **DENIED**. The Clerk is **DIRECTED**

to send a copy of this Order to the Clerk of the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Fort Myers, Florida on April 21, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record